**\*\* E-filed December 20, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH UVALLES,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　　Defendant.<br>_____/ | No. C11-00478 HRL<br><br>**INTERIM ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 7]** |

　　　　In this putative social security benefits appeal, defendant Michael Astrue, Commissioner of the Social Security Administration, moved to dismiss for lack of subject matter jurisdiction. Dkt. No. 7. In essence, the defendant argues that because the Administrative Law Judge ("ALJ") denied plaintiff's request for a hearing as untimely, there has been no "final agency decision" in the underlying social security benefits application, and plaintiff therefore cannot request judicial review by this court. See id. This is a correct statement of the law. See 42 U.S.C. § 405(g) (granting a social security benefits claimant the right to appeal a "final decision of the Commissioner" in federal district court).

　　　　However, in her opposition to the motion to dismiss, plaintiff states a claim for a constitutional due process violation. "Even though a claimant's failure to obtain a final decision . . . deprives the district court of subject matter jurisdiction, the district court may waive a claimant's failure to exhaust administrative remedies and grant her judicial review if she asserts a colorable constitutional claim." Cardot v. Astrue, 2011 U.S. Dist. LEXIS 100548, *4-5 (W.D. Wash. Aug. 22,

2011) (citing Califano v. Sanders, 430 U.S. 99, 109 (1977)). At the December 20 hearing on defendant's motion to dismiss, plaintiff's counsel conceded that the constitutional claim is the only possible basis for federal subject matter jurisdiction since plaintiff failed to obtain a final agency decision.

In order to fully develop the record on the constitutional claim, defendant shall submit to this court within 30 days of the date of this order: (1) Eric Johnson's March 2010 letter to the Social Security Administration; (2) a transcript of the hearing that the ALJ held to determine if plaintiff was entitled to a hearing on the merits of her application; and (3) any and all documents and materials that the parties submitted to the ALJ or that the ALJ considered in conjunction with or anticipation of the hearing that was held.

Further, within 10 days of the filing of the materials listed above, the parties may submit supplemental briefing focused on this legal issue: when a written notice from the SSA is not received by either plaintiff or her attorney, is plaintiff's constitutional right to due process satisfied by an oral notice received by an employee of plaintiff's attorney?

**IT IS SO ORDERED.**

Dated: December 20, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-00478 HRL Notice will be electronically mailed to:**

Tom F. Weathered    tweathered@covad.net
Shea Lita Bond      shea.bond@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**