1

**\*\* E-filed March 21, 2012 \*\***

2

3

4

5

6

7                                NOT FOR CITATION

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11    DEBORAH UVALLES,                          No. C11-00478 HRL

12              Plaintiffs,                     **ORDER GRANTING DEFENDANT'S**
                                                **MOTION TO DISMISS**
         v.
13
                                                **[Re: Dkt. No. 7]**
      MICHAEL J. ASTRUE, Commissioner of
14    Social Security,

15              Defendants.

16    _____/

17         Plaintiff Deborah Uvalles seeks review of a dismissal of her application for disability

18    benefits by the Commissioner of the Social Security Administration ("SSA"). The Commissioner

19    has filed a motion to dismiss this case for lack of subject matter jurisdiction. Dkt. No. 7 ("Motion to

20    Dismiss" or "Motion"). Plaintiff filed a response in opposition. Dkt. No. 10. Following a hearing on

21    the Commissioner's motion to dismiss, the court issued an interim order directing the Commissioner

22    to file additional materials, and permitting supplemental briefing by the parties on the following

23    issue: when a written notice from the SSA is not received by either the claimant or her attorney, is

24    plaintiff's constitutional right to due process satisfied by an oral notice received by an employee of

25    claimant's attorney? See Dkt. No. 15 ("Interim Order").

26         After consideration of the moving papers and supplemental briefing, the pleadings, and

27    governing law, the court grants the motion to dismiss.

28

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1    Ms. Uvalles first filed a request for disability benefits in June of 2008. Dkt. No. 7, p. 1. The

2    Social Security Administration denied the application in August, 2008, and denied plaintiff's

3    request for reconsideration on November 3, 2008. Id. Uvalles contends that she never received the

4    notice that her request for reconsideration had been denied, and neither did her attorney, Eric

5    Johnson, who specializes in social security benefits proceedings. See Dkt. No. 7, Exh. 2, p. 1.

6    Instead, it seems that Johnson or a member of his staff contacted the SSA by phone in March 2009,

7    and received oral notification that Uvalles's request for consideration had been denied. On October

8    22, 2009, 11 months after the denial of reconsideration and 7 months after Johnson received notice

9    by phone of the denial, Johnson filed a request for hearing before an Administrative Law Judge

10   ("ALJ").[1] See Dkt. No. 7, Exh. 2, p. 1. The ALJ denied the request as untimely, which meant that no

11   "final decision" was ever issued as to Uvalles's request for benefits. See Dkt. No. 7, Exh. 3.

12   LEGAL STANDARD

13   A party may raise a lack of subject-matter jurisdiction by motion prior to filing an answer to

14   a complaint. Fed. R. Civ. P. 12(b)(1).  If the court determines that it does not have subject-matter

15   jurisdiction, it must dismiss the claim.  Fed. R. Civ. P. 12(h)(3).  A lack of jurisdiction is presumed

16   unless the party asserting jurisdiction establishes that it exists.  Kokkonen v. Guardian Life Ins. Co.

17   of Am., 511 U.S. 375, 377 (1994).

18   A party seeking social security disability benefits ("claimant") may seek judicial review of a

19   "final agency decision" denying such benefits. 42 U.S.C. 405(g). The statute does not explicitly

20   define "final agency decision." 20 C.F.R. 404.900(a) defines a "final decision" as occurring at the

21   end of a four-part administrative process: 1) initial determination of claim; 2) reconsideration; 3)

22   ALJ review and hearing; 4) review by the Appeals Council. If a request for review at any of these

23   stages of the process is untimely, the claimant "lose[s] [the] right to further administrative review

24   and [the] right to judicial review" unless he can show that there was good cause for the failure to

25   make a timely request. 20 C.F.R. 404.900(b). 20 C.F.R. 404.911 sets forth what factors may

26   _____

27   [1] In a letter dated October 22, 2009, Johnson told the SSA that he filed a disability report appeal and request for hearing following the oral notification his office received in March 2009. See Dkt. No.

28   7-1, Exh. 2, p. 1 ("Jones Decl.", Exh. 2). However, plaintiff has not pursued an argument based on this alleged request for hearing, nor has she produced any evidence of such a request. Accordingly, the court views the October 22, 2009 request for hearing as the only request now at issue.

2

constitute good cause, and includes: "[the claimant] did not receive notice of the determination of the decision" and "[the claimant received] incorrect or incomplete information about when and how to request administrative review or to file a civil suit." 20 C.F.R. 404.911(a)(6)-(7).

Under 42 U.S.C. § 405(g), a social security benefits claimant has 60 days in which to commence an action for judicial review of a denial, and the 60-day period runs from the date on which the claimant receives the Appeals Council's notice regarding its decision. See 20 C.F.R. § 422.210(c). The regulation creates a presumption that the date of receipt is five days after the date on the notice unless the claimant makes "a reasonable showing to the contrary." Id.; see also McLaughlin v. Astrue, 2011 U.S. App. LEXIS 21799 (1st Cir. Me. Oct. 27, 2011). "The sixty-day limit for filing is not jurisdictional, but rather . . . 'constitutes a statute of limitations.'" Johnson v. Astrue, 2010 U.S. Dist. LEXIS 30049, *4 (W.D. Wash. Mar. 1, 2010) (quoting Bowen v. City of New York, 476 U.S. 467, 478, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.1987)). This limitation can be tolled by 'traditional equitable tolling principles.'" Id. (quoting Bowen, 476 U.S. at 479). A claimant "need not allege a specific date of receipt of the Appeals Council's notice in order to" adequately allege equitable tolling. McLaughlin, 2011 U.S. App. LEXIS 21799 at *6. However, it is well-established that a claimant must do more than state in an affidavit that he received the notice more than five days from the date it was sent. Id. "Equitable tolling is available if the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way." Harris v. Carter, 515 F.3d 1051, 1054-55 (9th Cir. 2008) (citations omitted).

"Even though a claimant's failure to obtain a final decision after a hearing deprives the district court of subject matter jurisdiction, the district court may waive a claimant's failure to exhaust administrative remedies and grant her judicial review if she asserts a colorable constitutional claim." Cardot v. Astrue, 2011 U.S. Dist. LEXIS 100548, *4-5 (W.D. Wash. Aug. 22, 2011) (citing Califano v. Sanders, 430 U.S. 99, 109 (1977)). A constitutional claim must go beyond "bare assertions" and cannot be "wholly insubstantial, immaterial, or frivolous." Id. at 10.

DISCUSSION

United States District Court
For the Northern District of California

1   In this case, it is clear that Ms. Uvalles failed to exhaust her administrative remedies, which

2   deprives this court of subject matter jurisdiction over her 42 U.S.C. 405(g) claims. Thus, the

3   Commissioner's motion to dismiss is GRANTED as to those claims.

4   However, there remains the issue of whether Ms. Uvalles has stated a colorable

5   constitutional claim sufficient for this court to waive the failure to exhaust and grant judicial review.

6   "A 'mere allegation of a due process violation' is not a colorable constitutional claim." Klemm v.

7   Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting Anderson v. Babbitt, 230 F.3d 1158, 1163

8   (9th Cir. 2000)). "Rather, the claim must be supported by 'facts sufficient to state a violation of

9   substantive or procedural due process.'" Id. (quoting Hoye v. Sullivan, 985 F.2d 990, 992 (9th Cir.

10  1992)).

11  Ms. Uvalles requested reconsideration of the SSA's initial denial of her claim on October 10,

12  2008. See Dkt. No. 7, Exh. 1, p. 5. The SSA issued a letter, dated November 3, 2008, providing

13  notice of its denial of the request for reconsideration. Id. Uvalles contends that neither she nor her

14  attorney ever received this written notice. Dkt. No. 7, Exh. 2, p. 1. It is undisputed that on March 13,

15  2009, an employee of Johnson's contacted the SSA and received oral notification that Uvalles's

16  request for reconsideration had been denied. See Dkt. No. 17, p. 2. According to a letter he sent to

17  the SAA in 2010, Johnson "confirmed with Ms. Uvalles that neither she, nor my office ever

18  received notice of the denial" on March 13. Jones Decl., Exh. 2, p. 1. Neither Uvalles nor Johnson

19  filed a request for hearing before an ALJ until October 22, 2009. See Jones Decl., Exh. 3, p. 4.

20  On March 8, 2010, an ALJ held a hearing to determine whether good cause existed for

21  claimant's untimely request for hearing, and ultimately found good cause lacking. See Dkt. No. 16,

22  Exhs. 2-3; Jones Decl., Exh. 3, pp. 4-6 ("Hearing Transcript"). The ALJ pressed Johnson to clarify

23  1) when he first submitted a request for hearing on Uvalles's behalf, and 2) whether he and Uvalles

24  received actual notice of the denial in March of 2009. Hearing Transcript pp. 4:24-5:20, 8:3-7.

25  Johnson equivocated on both points, stating that he could not remember the events clearly, and

26  emphasizing that a former employee of his likely mishandled the case by failing to notify him of this

27  and other communications from SSA. Hearing Transcript at 8:14-10:18. In light of Johnson's

28  inability to confirm key pieces of information about these events, the ALJ instructed Johnson to file

**United States District Court**
For the Northern District of California

1   a statement "that sets forth specifically times and dates." Hearing Transcript at 11:8-14. Johnson

2   filed such a letter on March 10, 2010, in which he confirmed that his employee received notice of

3   the denial on March 13, 2009 and contacted Uvalles about the denial, and pinned the blame for his

4   months of inaction on the deviant employee's missteps. Dkt. No. 16, Exh. 1.

5          Uvalles argues that because the SSA's regulations require that written notification of denial

6   be mailed to claimants, the oral notice she received through her attorney's contact with SSA was

7   inherently insufficient to satisfy due process. Dkt. No. 17, p. 3. However, the authority cited by

8   plaintiff does not hold that only written notice may satisfy due process—it holds that "notice must

9   be reasonably calculated to afford parties their right to present objections" by explaining that a

10  claimant's failure to request reconsideration will render the SSA's initial decision final. Gonzalez v.

11  Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990) (citing Mullane v. Central Hanover Bank & Trust

12  Co., 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950)). Here, Johnson received notice of the

13  denial, and because he is an attorney specializing in social security actions, he should have known

14  (and indeed, suggested in letters he sent to the SSA that he *did* know) that a request for hearing must

15  be filed within 60 days of receipt of the denial for reconsideration. Despite this, Johnson did

16  nothing—he did not file a request for hearing, for an extension of time, or make any other effort to

17  communicate with the SSA about his client's case until over seven months had elapsed.

18         Johnson's claim that his employee was the one who erred is unavailing. "The attorney is the

19  professional responsible for supervising the work of his or her legal assistants." Hu v. Fang, 104

20  Cal. App. 4th 61, 64 (Cal. Ct. App. 2002) (citing Vaughn v. State Bar, 6 Cal.3d 847, 857 (1972)).

21  This includes a duty to "accept responsibility to supervise the work of his staff." Id. On March 13,

22  2009, Johnson had constructive if not actual notice of the SSA's denial of Uvalles's request for

23  reconsideration. Uvalles also received notice of the denial from Johnson's office on March 13.

24  Either Uvalles or Johnson should have filed a request for a hearing or some other form of available

25  relief within 60 days of this notice, and both failed to act.

26         The Commissioner also argues that Uvalles's due process was satisfied when the ALJ held a

27  good cause hearing. Where, in similar cases, courts have found due process violations stemming

28  from the SSA's failure to provide adequate notice, they have remanded and directed the SSA to hold

a hearing to determine whether good cause existed for a claimant's untimely filing. See, e.g., Penner v. Schweiker, 701 F.2d 256, 261 (3d Cir. Pa. 1983); Bellantoni v. Schweiker, 566 F. Supp. 313, 316 (E.D.N.Y. 1983). In this case, the SSA has already held a good cause hearing, and found that no good cause existed for plaintiff's untimely request for a hearing. This court agrees with the ALJ that plaintiff has not provided a satisfactory explanation for why no request for hearing was filed in March of 2009, when both Uvalles and Johnson discovered that the request for reconsideration was denied. In addition, the plaintiff offers no authority, and the court is not aware of any, that holds that oral notification, following by a hearing for good cause, is categorically insufficient to satisfy a claimant's right to due process. The court can find no colorable constitutional claim on the facts before it.

Accordingly, Commissioner's motion to dismiss is also GRANTED as to Ms. Uvalles's constitutional claim.

CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss in its entirety. Ms. Uvalles's claims are dismissed. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 21, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C11-00478 HRL Notice will be electronically mailed to:**

Tom F. Weathered                    tweathered@covad.net
Shea Lita Bond                      shea.bond@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**